**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JO ANNA CANZONERI, et al., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:12-CV-1241-G-BK | |
| § | | |
| RICHARD ALLEN McCORMICK, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied and that Plaintiff be barred from filing future *in forma pauperis* actions in this Court.

**I. BACKGROUND**

Plaintiff filed a 133-page *pro se* complaint along with a motion to proceed *in forma pauperis*. (Doc. 3, 4.) The complaint includes a 40-page list of defendants and over 50 pages of nearly indecipherable text. The Court did not issue process pending preliminary screening.

Since 2007, Plaintiff has filed over 35 *pro se* actions in federal courts nationwide against a variety of defendants, some of whom are named in this complaint. The United States District Court for the Southern District of New York has barred Plaintiff from filing *in forma pauperis* actions in that jurisdiction unless she first seeks leave of court. *Canzoneri v. Tribune, et al.*, No. 11-CV-6614 (S.D. NY Dec. 18, 2011). The United States District Court for the Middle District of Louisiana has also barred Plaintiff from filing any new suit in that jurisdiction unless accompanied by the full filing fee. *Canzoneri v. Bush*, No. 3:08-CV-318 (M.D. La Jul. 15,

2008).  All remaining actions have been dismissed for denial of *in forma pauperis* status, for lack of prosecution, or for lack of merit as frivolous or for failure to state a claim.  *See Canzoneri*, No. 1:11-CV-6614 (S.D. NY.) (collecting cases); *see also* PACER Case Locator for a full listing of Plaintiff's cases.[1]

## II.  ANALYSIS

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority "to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, *are not entitled to sue and appeal, period*."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

Here, Plaintiff's complaint clearly fails to comply with the requirements of FED. R. CIV. P. 8(a).  Her allegations also border on the fantastic and the delusional.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  In light of Plaintiff's lengthy and notorious history of filing frivolous lawsuits in federal courts, her request to proceed *in forma pauperis* should be denied and Plaintiff should be barred from filing future *in forma pauperis* actions in this Court without first obtaining leave to file from a Judge of this Court.

---

[1] Plaintiff has filed cases under the following names:  "Jo Anna Canzoneri," "JoAnna Canzoneri," and "Jo Anna Canzoneri McCormick."

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) be **DENIED**, and that Plaintiff be **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file.  It is further recommended that Plaintiff be **WARNED** that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties.

SIGNED April 26, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE